UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| DAVID CILLA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:19-cv-00262-JRS-MJD |
| | ) | |
| ROGERS, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY GRANTING IN PART AND DENYING IN
PART DEFENDANTS' MOTION TO DISMISS**

This matter is before the Court on the defendants' motion pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss certain claims, dkt. 56. The motion is **granted in part** and **denied in part**.

**I. The Amended Complaint**

The Court screened David Cilla's amended complaint on February 7, 2020. Dkt. 27. The Court summarized the allegations in the amended complaint as follows:

> The amended complaint describes an incident that occurred while Mr. Cilla was incarcerated at the U.S. Penitentiary at Terre Haute (USPTH) in 2018. Mr. Cilla brings claims against eleven U.S. Bureau of Prisons (BOP) employees. He is Caucasian and practices Islam. The amended complaint sets forth the following allegations.
>
> On July 5, 2018, Officer Rogers, Officer Raley, Lieutenant Baez, and two officers identified as John Does # 1 and # 2 extracted Mr. Cilla from his cell. Officer Rogers, Officer Raley, Lieutenant Baez, and John Doe # 1 used unnecessary and gratuitous force against Mr. Cilla. They slammed his head into the cell door and the concrete floor, punched him in the face, kneed him in the ribs, choked him, and kicked him. Mr. Cilla lost consciousness and suffered serious injuries, including broken bones. John Doe # 2 watched the beating and did not intervene.
>
> Eventually, the officers allowed Mr. Cilla to be examined by Nurse Joseph May. Nurse May wiped the blood off of Mr. Cilla's face and requested that Lieutenant Baez photograph his injuries. However, Nurse May did not provide any

other treatment or medication for Mr. Cilla's injuries or arrange for him to be seen by a doctor, even though Mr. Cilla had visibly serious injuries and said he lost consciousness. He suffered permanent injuries due to his lack of medical attention.

Lieutenant Baez, Officer Rogers, Officer Raley, and John Does # 1 and # 2 then placed Mr. Cilla in a four-point restraint cell, even though he had not been combative or aggressive. They left him in the four-point restraint for twelve hours.

Two days later, Officer Rogers delivered Mr. Cilla's breakfast and Cilla said that the officers beat him on July 5 because he practices Islam. Mr. Cilla attempted to file grievances about this incident. On July 20, Counselor Ballard shredded one of Mr. Cilla's grievances instead of processing it and said he did so because Mr. Cilla is "a white Muslim." Dkt. 25 at ¶¶ 59–61.

Mr. Cilla alleges that the officers who beat him on July 5 falsely accused him of attempting to assault them to cover up their misconduct. As a result, he was convicted in a prison disciplinary proceeding and assessed sanctions, including six months' confinement in a segregated housing unit and a loss of credit time toward his sentence. Mr. Cilla alleges that the hearing officer, Mr. Bradley, refused to allow him to present certain evidence and witnesses in the disciplinary proceeding.

The amended complaint alleges that there is a "culture and practice" among the staff at USPTH that is characterized by using violence against Muslim inmates, destroying their grievances, and covering up the misconduct. A similar incident involving a different Muslim inmate occurred shortly before Mr. Cilla's July 5 beating. Mr. Cilla alleges that Mark Inch (then the Acting Director of the BOP), USPTH Warden Kruger, and Mr. Ballard knew about these incidents but failed to discipline the responsible employees or otherwise take action to protect the inmates and aided in covering up the misconduct.

Dkt. 27 at 2–3.

Based on these allegations, the Court allowed the action to proceed with the following claims:

- Eighth Amendment force and conditions-of-confinement claims against Defendants Baez, Rogers, and Raley pursuant to the theory recognized in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).

- Eighth Amendment failure-to-protect claims against Defendants Inch and Krueger pursuant to *Bivens*.

- Eighth Amendment medical care claim against Defendant May pursuant to *Bivens*.

- Fifth Amendment equal protection claims against Defendants Baez, Rogers, Raley, Inch, Krueger, and Ballard pursuant to *Bivens*.

- Religious Freedom Restoration Act (RFRA) claims against Defendants Baez, Rogers, Raley, Inch, Krueger, and Ballard.

- A Federal Tort Claims Act (FTCA) claim against the United States.

The Court later dismissed all claims against Defendants Krueger and Inch. Dkt. 67.

## II. Legal Standard

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the factual matter alleged in the complaint. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). For a Rule 12(b)(6) motion to dismiss, a court "must accept all well-pleaded allegations in the plaintiff's complaint as true and draw all reasonable inferences in favor of the plaintiff." *Tobin for Governor v. Ill. State Bd. of Elections*, 268 F.3d 517, 521 (7th Cir. 2001). A plaintiff must do more than simply recite the elements of a claim and provide conclusory statements in support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must provide enough factual information to state a claim for relief that is plausible on its face and "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## III. Discussion of Claims

The defendants seek to dismiss Mr. Cilla's Eighth Amendment force, conditions, and failure-to-protect claims; the Fifth Amendment equal protection claims; and the FTCA claim. (The defendants initially sought to dismiss the RFRA claims, but they have since withdrawn that argument. *See* dkt. 81.)

**A.     Eighth Amendment Excessive Force and Failure-to-Protect Claims**

The defendants seek to dismiss Mr. Cilla's force claims on the basis of *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* holds that:

> when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 486–487. This rule also applies to *Bivens* claims against federal officers. *See Hill v. Murphy*, 785 F.3d 242, 244 (7th Cir. 2015).

*Heck* also applies to prison disciplinary convictions. If a suit for damages would necessarily imply the invalidity of a prisoner's disciplinary conviction, he may not bring the damages claim "'unless and until the inmate obtains favorable termination of a state, or federal habeas, challenge to his conviction or sentence.'" *Haywood v. Hathaway*, 842 F.3d 1026, 1029 (7th Cir. 2016) (quoting *Nelson v. Campbell*, 541 U.S. 637, 646 (2004)). "This is a version of issue preclusion (collateral estoppel), under which the outstanding criminal judgment or disciplinary sanction, as long as it stands, blocks any inconsistent judgment." *Id.*

Mr. Cilla was convicted of violating the prison disciplinary code by attempting to assault officers during the July 5, 2018 incident. Dkt. 56-1 at 4–12. According to the disciplinary records, Mr. Cilla became aggressive and resisted the officers who tried to place him in restraints. *Id.*

Mr. Cilla's force claims would imply the invalidity of his disciplinary conviction. Mr. Cilla alleges in his amended complaint that he "did not threaten, resist, assault or attempt to assault any of the defendants. Defendants had no intention to restore or maintain discipline, but to cause harm." Dkt. 25 at ¶ 39. These allegations directly contradict the basis for Mr. Cilla's disciplinary conviction and are integral to his Eighth Amendment excessive force and failure-to-protect claims.

4

Mr. Cilla's excessive force and failure-to-protect claims are **dismissed** for **failure to state a claim** upon which relief may be granted. *See Moore v. Mahone*, 652 F.3d 722, 725 (7th Cir. 2011) ("The basis for relief stated in our plaintiff's complaint is, given *Heck,* implausible, for it is that the plaintiff was the victim of an utterly unprovoked assault, and while that conceivably is true, it is barred by *Heck*."). This dismissal is **without prejudice**. *See id.* at 726 ("[R]ather than dismissing the case with prejudice [the District Judge] should either have retained it but warned the plaintiff that he could not challenge the findings made by the disciplinary board or have permitted him to file a second amended complaint that would delete all allegations inconsistent with those findings."). If Mr. Cilla reasserts his excessive force or failure-to-protect claims in any subsequent amended complaint, he may not allege facts inconsistent with the factual basis for his disciplinary conviction.

**B.**     **Eighth Amendment Claims Related to Four-Point Restraint Cell**

Mr. Cilla alleges that he was seriously injured during the cell extraction, denied medical attention, and then placed in a "four-point restraint cell" for twelve hours. At screening, the Court referred to the claims arising from these allegations as "conditions-of-confinement" claims. Dkt. 27 at 3. The defendants seek to dismiss these claims for the reasons set forth in *Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017).

In *Abbasi*, the Supreme Court set out a test for extending the *Bivens* remedy—a claim for damages against a federal officer in his individual capacity—beyond the limited contexts in which it has already been applied:

> The proper test for determining whether a case presents a new *Bivens* context is as follows. If the case is different in a meaningful way from previous *Bivens* cases decided by this Court, then the context is new. Without endeavoring to create an exhaustive list of differences that are meaningful enough to make a given context a new one, some examples might prove instructive. A case might differ in a meaningful way because of the rank of the officers involved; the constitutional right

5

> at issue; the generality or specificity of the official action; the extent of judicial guidance as to how an officer should respond to the problem or emergency to be confronted; the statutory or other legal mandate under which the officer was operating; the risk of disruptive intrusion by the Judiciary into the functioning of other branches; or the presence of potential special factors that previous *Bivens* cases did not consider.

*Abbasi*, 137 S. Ct. at 1859–1860.

The defendants acknowledge that the Supreme Court has already created a *Bivens*-style remedy for claims arising "under the Eighth Amendment's cruel and unusual punishment clause for prison officials' failure to provide an inmate with medical treatment." Dkt. 57 at 7 (citing *Carlson v. Green*, 446 U.S. 14, 19 (1980)). If the claim at issue here is distinguishable from an Eighth Amendment medical care claim, it is not so different as to present a "new *Bivens* context." *Abbasi*, 137 S. Ct. at 1859.

Mr. Cilla alleges that officers beat him and seriously injured him. They took him to a nurse, who did not treat his injuries. And then Lieutenant Baez, Officer Rogers, and Officer Raley placed him in restraints for twelve hours. The allegation that the officers placed Mr. Cilla in restraints for so long a time supports an inference that the defendants intentionally prevented him from addressing his injuries and prolonged and exacerbated his pain. At the pleading stage, this allegation implicates the same constitutional right (the Eighth Amendment) and the same legal standard (deliberate indifference to a serious risk of harm) as any prisoner medical claim. Likewise, permitting Mr. Cilla to pursue a *Bivens* remedy based on this allegation intrudes no further into the functions of the legislature than permitting any other prisoner medical claim.

Whether characterized in shorthand as "medical" claims or "conditions" claims, claims based on Mr. Cilla's extended confinement to the four-point restraint room are not "different in a meaningful way" from the Eighth Amendment claim permitted in *Carlson*. *Abbasi*, 137 S. Ct. at 1859. These claims shall proceed against Defendants Baez, Rogers, and Raley.

### C.     Fifth Amendment Equal Protection Claims

The defendants also rely on *Abbasi* in seeking to dismiss Mr. Cilla's Fifth Amendment equal protection claims. These claims are based on Mr. Cilla's allegations that the defendants denied him medical care and confined him to the restraint room because he is Muslim.

The defendants note that *Bivens* has not previously been extended to claims of religious discrimination. As such, a *Bivens* remedy cannot "be available if there are special factors counselling hesitation in the absence of affirmative action by Congress." *Abbasi*, 137 U.S. at 1857 (internal quotations omitted).

One of the factors the Court must consider when weighing whether to permit a *Bivens* remedy in a new context is whether "there is an alternative remedial structure in place." *Id.* at 1858. "For if Congress has created 'any alternative, existing process for protecting the [injured party's] interest' that itself may 'amoun[t] to a convincing reason for the Judicial Branch to refrain from providing a new and freestanding remedy in damages.'" *Id.* (quoting *Wilkie v. Robbins*, 551 U.S. 537, 550 (2007)).

Mr. Cilla is pursuing Religious Freedom Restoration Act (RFRA) claims against all the defendants against whom he is pursuing equal protection claims. These claims will be based on the same allegations. This Court has previously held that RFRA provides an alternative avenue of relief for inmates claiming that government actors have substantially burdened their rights to exercise their religious beliefs. *See Crowder v. Jones*, no. 2:14-cv-00202-JMS-MJD, 2017 WL 5889717 (S.D. Ind. Nov. 29, 2017). Given that Mr. Cilla's RFRA claims will proceed, there is no need to permit equal protection claims pursuant to *Bivens*. Mr. Cilla's equal protection claims are **dismissed** for **failure to state a claim** upon which relief may be granted.

### D. FTCA Claim

Mr. Cilla does not oppose dismissal of the FTCA claim that the Court identified at screening. *See* dkt. 65 at 4. Accordingly, the FTCA claim is **dismissed** for **failure to state a claim** upon which relief may be granted.

### IV. Conclusion

The defendants' motion to dismiss, dkt. [56], is **granted** insofar as the following claims are **dismissed** for **failure to state a claim** upon which relief may be granted:

- Eighth Amendment excessive force and failure-to-protect claims, as discussed in Part III(A) above.
- Fifth Amendment equal protection claims, as discussed in Part III(C).
- FTCA claim, as discussed in Part III(D).

The following claims will continue to proceed:

- Eighth Amendment claims against Defendants Baez, Rogers, and Raley, based on the allegations that they confined Mr. Cilla to the four-point restraint cell.
- Eighth Amendment medical care claim against Defendant May.
- RFRA claims against Defendants Baez, Rogers, Raley, and Ballard.

The **clerk is directed** to terminate the Unites States as a party on the docket. All defendants shall answer the amended complaint in the time required by Federal Rule of Civil Procedure 12(a)(4).

**IT IS SO ORDERED.**

Date: 1/25/2021

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

DAVID CILLA
00880-104
THOMSON USP
USP Thomson
P.O. Box 1001
Thomson, IL 61285

Lara K. Langeneckert
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
lara.langeneckert@usdoj.gov